## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORTH AMERICAN INSURANCE AGENCY, INC., d/b/a Insurica, and Robert C. Bates, L.L.C., </br></br>　　　　　Plaintiffs, </br></br>vs. </br></br>ROBERT C. BATES, </br></br>　　　　　Defendant. | )</br>)</br>)</br>)</br>)</br>)</br>)　Case No. CIV-12-544-M</br>)</br>)</br>)</br>)</br>) |

### ORDER

Before the Court is defendant's Motion to Dismiss, filed June 12, 2012. On June 14, 2012, plaintiffs filed their response.

On May 14, 2012, plaintiffs filed the instant action against defendant Robert C. Bates seeking temporary and permanent injunctive relief pursuant to the Lanham Act, 15 U.S.C. § 1116, and the Oklahoma Deceptive Trade Practices Act, Okla. Stat. tit. 78, § 54. Specifically, plaintiffs request the Court to enjoin defendant from the following: (1) using the names, "Robert C. Bates," "RCB" or any other variant of defendant's name or surname in the corporate or trade name of a corporation or other entity engaged in the insurance or related business; (2) soliciting other agents, producers and/or employees of Robert C. Bates, L.L.C. from departing Robert C. Bates, L.L.C.; and (3) prohibiting representatives of plaintiffs from entering the premises of Robert C. Bates, L.L.C. or North American Insurance Agency, Inc., conducting the day-to-day business of Robert C. Bates, L.L.C., or speaking with producers or employees of Robert C. Bates, L.L.C.

Defendant now moves this Court to dismiss this action, contending that plaintiffs fail to state a claim under the Lanham Act as a matter of law and this Court, thus, is without subject matter jurisdiction. Specifically, defendant contends that plaintiffs allege only threatened use, and not

actual use, of the Robert C. Bates, L.L.C. (or a derivative) trade name in a directly competing business and actual use is an essential element of a Lanham Act claim. In their response, plaintiffs contend that while actual use is an essential element for a claim under the substantive damages provisions of the Lanham Act, 15 U.S.C. § 1125(a), a claim plaintiffs are not asserting, actual use is not a required element for a claim under the Lanham Act for permanent injunctive relief, 15 U.S.C. § 1116(a), the claim that plaintiffs are asserting.

Section 1116(a) provides, in pertinent part:

> The several courts vested with jurisdiction of civil actions arising under this Act shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or <u>to prevent a violation</u> under subsection (a), (c), or (d) of section 43 [15 U.S.C. § 1125].

15 U.S.C. § 1116(a) (emphasis added).

In this action, plaintiffs seek injunctive relief pursuant to 15 U.S.C. § 1116(a) to prevent a violation of § 1125(a) in the future, based upon the alleged statements and actions made by defendant threatening such a violation. In his motion, defendant in essence asserts that a court must wait until an actual violation occurs before it can act to prevent such a violation. Such an assertion is contrary to the law and common sense – why would Congress grant a court the power to prevent a violation when the violation would have to occur before the relief could be granted? Clearly, Congress granted courts the power to use injunctive relief under the Lanham Act for situations where a party has threatened to commit a violation of the Lanham Act and should be prevented from doing so.

Additionally, the Tenth Circuit has held:

> A court of equity will act by injunction to prevent a threatened wrongful act which appears to be imminent, if irreparable injury will result therefrom.  One does not have to await the consummation of threatened injury to obtain preventative relief.  If the injury is certainly impending, that is enough.
> Neither reason nor authority required plaintiff to wait until the threatened injury had occurred.

*Standard Oil Co. of N.M. v. Standard Oil Co. of Cal.*, 56 F.2d 973, 976 (10th Cir. 1932) (internal quotations and citations omitted).  Further, the Fifth Circuit has held "that the threat of infringement could be the basis of an injunction.  Certainly, it would not be necessary for the plaintiff, in such case, to wait until actual infringement had occurred before bringing the action to enjoin."  *Chem. Corp. of Am. v. Anheuser-Busch, Inc.*, 306 F.2d 433, 439 (5th Cir. 1962).  *See also LeFebure Corp. v. Lefebure, Inc.*, 284 F. Supp. 617, 624 (E.D. La. 1968) (holding that threatened infringement is sufficient basis for injunction).

Accordingly, based upon the above, the Court finds that plaintiffs' allegations of defendant's threatened use of the Robert C. Bates, L.L.C. (or a derivative) trade name in a directly competing business are sufficient to state a claim for permanent injunctive relief under the Lanham Act.  The Court, therefore, DENIES defendant's Motion to Dismiss [docket no. 19].

**IT IS SO ORDERED this 15th day of June, 2012.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE