**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NORTH AMERICAN INSURANCE AGENCY, INC., d/b/a INSURICA, ROBERT C. BATES, L.L.C., and COMMERCIAL INSURANCE SERVICES L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT C. BATES, JOEY D. DILLS, AND COMMERCIAL INSURANCE BROKERS, L.L.C., A STATE OF OKLAHOMA CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Case No. CIV-12-544-M ) ) ) ) ) ) ) |

**ORDER**

Before the Court is defendant Robert C. Bates' ("Bates") Motion to Stay, filed July 2, 2012. On July 19, 2012, plaintiffs filed their response, and on July 26, 2012, Bates filed his reply. Based upon the parties' submissions, the Court makes its determination.

**I.   Introduction**

On May 14, 2012, plaintiffs Robert C. Bates L.L.C. and North American Insurance Agency Inc. (collectively referred to herein as the "Company") initiated the instant action, requesting injunctive relief against Bates. Additionally, the Company contemporaneously initiated arbitration relating to their damages claims before the American Arbitration Association. On June 4, 2012, Bates and Commercial Insurance Brokers, L.L.C.[1] filed suit in the District Court for Tulsa County, State of Oklahoma, seeking injunctive relief as well as asserting claims for damages ("Tulsa County Action"). On July 3, 2012, plaintiffs filed a First Amended Complaint in the instant action, adding

---

[1] Commercial Insurance Brokers, L.L.C. is Bates' insurance agency.

damages claims from the arbitration as well as additional federal claims. Bates now moves the Court to stay this action based upon the Tulsa County Action.

II.     Discussion

"[T]he existence of proceedings in state court does not by itself preclude parallel proceedings in federal court." *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994) (internal quotations and citation omitted). Instead, the Court must apply the requirements of the *Colorado River* doctrine to determine whether it may stay this action based upon the Tulsa County Action. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). "The *Colorado River* doctrine applies to 'situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts.'" *Fox*, 16 F.3d at 1080 (quoting *Colo. River*, 424 U.S. at 817). "The doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on 'considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."'" *Id.* (quoting *Colo. River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952))).

> [T]he decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance. Such discretion, however, must be exercised under the relevant standard prescribed by [the Supreme] Court. In *Colorado River*, the Court held that, in light of
>
>> the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them . . . and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration

2

>> are considerably more limited than the circumstances appropriate for abstention.
>
> Thus, declining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in "exceptional" circumstances.

*Fox*, 16 F.3d at 1081 (internal quotations and citations omitted).

A court determining whether to grant a stay must apply a two-part analysis. First, the court must determine if the state and federal actions are parallel proceedings. If the court determines they are parallel proceedings, the court must then determine whether deference to state court proceedings is appropriate under the particular circumstances. *See Fox*, 16 F.3d at 1081-82.

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* at 1081 (internal quotations and citation omitted). Having reviewed the Amended Complaint in this action and the Petition in the Tulsa County Action, the Court finds that the two lawsuits are parallel proceedings. Specifically, the Court finds substantially the same parties are involved in both actions; there are only two parties in the instant action who are not parties in the Tulsa County Action – one is a subsidiary of plaintiff North American Insurance Agency, Inc., and the other is another independent contractor who entered into a Producer Agreement with plaintiff Roberts C. Bates, L.L.C; all other parties are exactly the same. Further, the Court finds substantially the same issues are being litigated in these cases. In both actions, the parties are asserting claims arising out of alleged breaches of the Producer Agreements. In the instant action, plaintiffs are also asserting federal law claims not raised in the Tulsa County Action, but these claims also arise out of Bates' termination of his relationship with plaintiffs.

Since this Court has found that the instant action and the Tulsa County Action are parallel proceedings, the Court must now determine whether deference to the Tulsa County Action is appropriate.

> In *Colorado River*, the Supreme Court set forth a nonexclusive list of factors for courts to consider in deciding whether "exceptional circumstances" exist to warrant deference to parallel state proceedings: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction. The Court discussed several other factors in *Moses H. Cone*, such as the vexatious or reactive nature of either the federal or the state action; whether federal law provides the rule of decision; and the adequacy of the state court action to protect the federal plaintiff's rights. Other courts also have considered whether the party opposing abstention has engaged in impermissible forum-shopping.
>
> No single factor is dispositive; [t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case. Rather than use the factors as a mechanical checklist, a court should engage in a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. Indeed, since [o]nly the clearest of justifications will warrant dismissal, any doubt should be resolved in favor of exercising federal jurisdiction.

*Id.* at 1082 (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds Bates has not shown "exceptional circumstances" to warrant a stay in this case. Weighing the factors set forth above, and noting that the balance is "heavily weighted in favor of the exercise of jurisdiction" and that "any doubt should be resolved in favor of exercising federal jurisdiction," the Court finds that the balance in this case lies in favor of not staying this action. First, there is no property over which either court has assumed jurisdiction, and this Court finds this factor is a non-issue. Second, Bates has not

4

shown any real inconvenience to trying this matter in this Court; while trying these matters in the District Court for Tulsa County might be more convenient to Bates, the Court finds due to the short distance between Oklahoma City and Tulsa, that any inconvenience is minimal. Third, while there is a risk of piecemeal litigation, the Court finds that the risk is minimized by the fact that Bates could assert all of the claims he has asserted in the Tulsa County Action as counterclaims in the instant action and that there is a pending motion to dismiss or, alternatively, motion to stay in the Tulsa County Action. Fourth, the Court finds that because this Court obtained jurisdiction before the District Court for Tulsa County, this factor weighs in favor of not staying this action. Fifth, while the Court finds that neither action was vexatious, the Court does acknowledge that perhaps both the filing of the Tulsa County Action and the Amended Complaint in this action could be perceived as reactive in nature. Thus, the Court finds that this factor is neutral. Sixth, plaintiffs raise federal law claims in the instant action, and, thus, this factor weighs in favor of not staying this action. Finally, the Court does not find that plaintiffs engaged in impermissible forum-shopping.

Therefore, the Court finds the instant action should not be stayed based upon the Tulsa County Action.

III.    Conclusion

For the reasons set forth above, the Court DENIES Bates' Motion to Stay [docket no. 31].

**IT IS SO ORDERED this 30th day of July, 2012.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE