IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORTH AMERICAN INSURANCE AGENCY, INC., d/b/a INSURICA, ROBERT C. BATES, L.L.C., and COMMERCIAL INSURANCE SERVICES L.L.C., <br><br>   Plaintiffs, <br><br>vs. <br><br>ROBERT C. BATES, JOEY D. DILLS, and COMMERCIAL INSURANCE BROKERS, L.L.C., a State of Oklahoma Corporation, <br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-12-544-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is defendant Joey D. Dills' ("Dills") Motion to Dismiss for Failure to State a Claim Pursuant to FRCP 12(b)(6) and for Lack of Subject Matter Jurisdiction Pursuant to FRCP 12(b)(1) and Alternatively Motion for More Definite Statement Pursuant to FRCP 12(c), filed September 10, 2012.  On October 1, 2012, plaintiffs filed their response.

Dills moves this Court to dismiss Count I (Violation of the Lanham Act under 15 U.S.C. § 1125(a) as against all Defendants) and Count V (Violation of Computer Fraud and Abuse Act as against all Defendants) for failure to state a claim against him.  If the above counts are dismissed, Dills further moves this Court to dismiss plaintiffs' state law claim against him for lack of jurisdiction.

In his motion, Dills asserts that he is not mentioned by name anywhere in Count I and that he is presumably included in plaintiffs' generic reference to "Defendants."  Dills further asserts that plaintiffs have failed to plead one fact or any basis for finding that Dills, in his individual capacity,

has violated the Lanham Act regarding the naming of defendant Commercial Insurance Brokers, L.L.C. ("CIB").  Specifically, Dills contends that plaintiffs have not pled a single fact that would raise the question of whether Dills is individually liable for the naming of CIB and have not pled any legal theory that would form the basis for ignoring the legal protections afforded Dills individually as a member or partner in a limited liability company.

Having carefully reviewed plaintiffs' First Amended Complaint, the Court finds that plaintiffs' Lanham Act claim does not allege a violation of the Lanham Act solely based upon the naming of CIB.  Plaintiffs' Lanham Act claim also alleges a violation of the Lanham Act based upon defendants' intended use of documents marked with the Robert C. Bates, L.L.C. letterhead and name.  Further, the Court finds that it is clear upon review of plaintiffs' First Amended Complaint in its entirety that plaintiffs' use of the term "Defendants" includes Dills.  Throughout the First Amended Complaint, plaintiffs use an individual defendant's name when referring to that specific defendant and use the term "Defendants" when referring to all defendants.  Assuming the allegations in plaintiffs' First Amended Complaint are true, the Court finds that plaintiffs have set forth sufficient allegations of a Lanham Act claim against Dills individually – plaintiffs clearly allege that Dills' intended use of documents marked with the Robert C. Bates, L.L.C. letterhead and name would be a violation of the Lanham Act and should be enjoined.  Accordingly, the Court finds that Count I should not be dismissed.

Regarding plaintiffs' Computer Fraud and Abuse Act claim, Dills asserts that plaintiffs have not set forth sufficient facts to state a violation or intended violation of the Computer Fraud and Abuse Act by Dills.  Dills contends that plaintiffs' First Amended Complaint simply contains

general allegations of the elements but contains no facts demonstrating any violation or intended violation by him.

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Having carefully reviewed plaintiffs' First Amended Complaint, the Court finds that plaintiffs have not set forth sufficient facts, as opposed to conclusory allegations, to state a claim against Dills for violation of the Computer Fraud and Abuse Act. Accordingly, the Court finds that Count V should be dismissed as to Dills.

Finally, because this Court has found that plaintiffs' Lanham Act claim should not be dismissed as to Dills, the Court finds that it clearly has supplemental jurisdiction over plaintiffs' state law claim against Dills.

Therefore, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Dills' Motion to Dismiss for Failure to State a Claim Pursuant to FRCP 12(b)(6) and for Lack of Subject Matter Jurisdiction Pursuant to FRCP 12(b)(1) and Alternatively Motion for More Definite Statement Pursuant to FRCP 12(c) [docket no. 82] as follows: The Court GRANTS the motion to dismiss as to Count V (Violation of Computer Fraud and Abuse Act as Against All Defendants) of plaintiffs' First Amended Complaint, DISMISSES Count V as to Dills, and DENIES the motion in all other respects.

**IT IS SO ORDERED this 3rd day of January, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE