**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NORTH AMERICAN INSURANCE ) | |
| AGENCY, INC., d/b/a INSURICA, ) | |
| ROBERT C. BATES, L.L.C., and ) | |
| COMMERCIAL INSURANCE ) | |
| SERVICES L.L.C., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-12-544-M |
| ) | |
| ROBERT C. BATES, JOEY D. DILLS, ) | |
| and COMMERCIAL INSURANCE ) | |
| BROKERS, L.L.C., A STATE OF ) | |
| OKLAHOMA CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is plaintiffs' Motion for Leave to Add Additional Parties and Claims, filed May 10, 2013. On May 17, 2013, defendants Robert C. Bates ("Bates") and Commercial Insurance Brokers, LLC ("CIB") filed their response, and on May 24, 2013, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.   Background

On May 14, 2012, plaintiffs North American Insurance Agency, Inc. ("NAIA") and Robert C. Bates, L.L.C. ("Bates, L.L.C.") filed the instant action against defendant Bates, seeking a permanent injunction. On July 3, 2012, plaintiffs NAIA, Bates, L.L.C. and Commercial Insurance Services L.L.C. ("CIS") filed a First Amended Complaint against defendants Bates, Joey D. Dills ("Dills"), and CIB. In the First Amended Complaint, plaintiffs assert the following causes of action: (1) violation of the Lanham Act under 15 U.S.C. § 1125(a) as against all defendants, (2) unfair competition under the common law of Oklahoma as against defendants Bates and CIB, (3)

trademark infringement in violation of Oklahoma common law as against defendants Bates and CIB, (4) violation of the Oklahoma Deceptive Trade Practices Act, Okla. Stat. tit. 78, § 51, *et seq.*, as against defendants Bates and CIB, (5) violation of the Computer Fraud and Abuse Act as against all defendants, (6) breach of fiduciary duties as against defendant Bates only, (7) breach of contract as against defendant Bates only, (8) tortious interference with prospective economic advantage as against defendant Bates only, and (9) anticipatory breach of contract as against defendant Dills only.

On June 4, 2012, defendants Bates and CIB filed suit in the District Court for Tulsa County, State of Oklahoma, seeking injunctive relief as well as asserting claims for damages. In October and November 2012, ten former producers[1] with plaintiffs filed individual actions in Tulsa County District Court, alleging the instant plaintiffs' breach of the individual producer agreements and for an accounting of commissions. These individual actions have been consolidated with and into defendants Bates and CIB's Tulsa County action.

Plaintiffs now move this Court, pursuant to Federal Rule of Civil Procedure 15, to permit them to add additional claims (unjust enrichment and civil conspiracy) and the following parties: Bruce Barton, Tom Brown, William Gattis, F. Nicholas Karlovich, Robert Karlovich, Ralph Phillips, John Wheeler, Bradley McCrory, Brad Barton, Walt Pettit, Kim Buker, W. Sam Pettit, Debbie Morris, Deardorff & Associates, Inc., Walt Pettit CPCU, Inc., Commercial Brokerage Services, Inc., and William R. Gattis Agency, L.L.C. as defendants in this action. Defendants Bates and CIB object to plaintiffs' motion and contend that (1) the claims are precluded by the compulsory counterclaim

---

[1] Actions were filed in Tulsa County by Bruce Barton, Tom Brown, William Gattis d/b/a William R. Gattis Agency, LLC, Nick Karlovich, Robert Karlovich, Ralph Phillips, John Wheeler, Brad McCrory, Brad Barton, and Mike Deardorff d/b/a Deardorff & Associates, Inc.

rule; (2) justice does not require granting leave to amend; and (3) the motion is not filed in good faith.

II.    Discussion

Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

A.    Compulsory counterclaims

Defendants Bates and CIB assert that all of the claims which plaintiffs now seek to assert in this action arise out of the same transaction or occurrence that is the subject matter of the cases filed last year and currently pending in Tulsa County; i.e., the producers' decisions to terminate the Producer Agreements and the producers' subsequent, continued conduct of their insurance businesses. Consequently, defendants Bates and CIB contend that the claims that plaintiffs are seeking leave to bring against the individuals and entities who currently have cases pending against plaintiffs constitute compulsory counterclaims that must be asserted, if at all, in the pending Tulsa County cases. Because plaintiffs have not asserted these claims as counterclaims in the pending Tulsa County cases, defendants Bates and CIB contend that plaintiffs are barred from bringing those claims in the instant action.

Plaintiffs assert that there is no reason that a federal court should ignore federal rules of procedure in a federal suit, filed first in time, involving federal questions, only being litigated in the federal venue, in favor of a state rule of procedure which is not intended for or directed at the federal court. Plaintiffs further assert that the application of the compulsory counterclaim rule for which defendants Bates and CIB argue would be contrary to the rule's intended purpose of judicial efficiency. Plaintiffs contend that judicial efficiency favors the inclusion of all the additional defendants here. This action was first in time and has long involved CIB and two of the producers. Further, defendant Bates could have filed his claim in this Court, and the same applies for the other parties; however, they chose to significantly complicate this litigation by filing in state court, and the state court chose to allow that litigation to proceed despite this Court's July 30, 2012 order. Moreover, plaintiffs contend the additional individuals and entities are either employees of CIB, agents/producers of CIB, or owners of CIB; as such, they have long been on notice of the litigation and, as agents of CIB, have been subject to the temporary injunctive relief previously ordered by this Court. Finally, plaintiffs assert that requiring federal claims to be heard in state court could result in further inconsistent decisions.

> Federal Courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action. Where the earlier action is a state court action, that state's law determines whether the new claim should have been brought as a compulsory counterclaim.

*Procare Labs., Inc. v. Gull Labs., Inc.*, No. 93-16623, 1995 WL 110137, at *1 (9th Cir. Mar. 15, 1995) (internal citations omitted).

Oklahoma law provides:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if

> it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Okla. Stat. tit. 12, § 2013(A). Further, the Oklahoma Supreme Court has held that "[o]ne's failure to plead a *compulsory counterclaim* against a plaintiff in a general civil-docket suit bars a later action on that demand." *McDaneld v. Lynn Hickey Dodge, Inc.*, 979 P.2d 252, 255 (Okla. 1999) (emphasis in original).

Plaintiffs do not contend that their claims against the additional defendants do not arise out of the transaction or occurrence that is the subject matter of the Tulsa County cases, and upon review of the parties' submissions, the Court finds that the claims clearly arise out of the transaction or occurrence that is the subject matter of the Tulsa County cases. Thus, the Court finds that on their face, plaintiffs' claims against the additional individuals and entities who have pending cases in Tulsa County would fall under the compulsory counterclaim rule. Plaintiffs assert that the compulsory counterclaim rule should not apply because the instant action was filed first. While this action was filed first as to defendants Bates, CIB, and Dills, the additional individuals and entities have not been a party to the instant action, and will not be a party unless, and until, this Court grants plaintiffs leave to add them as defendants, and, thus, the Tulsa County cases are, in fact, filed first as to these additional individuals and entities. Additionally, while the Court agrees with plaintiffs that barring plaintiffs' claims against the additional individuals and entities who have pending cases in Tulsa County based upon the compulsory counterclaim rule does not necessarily promote judicial efficiency, any judicial efficiency of this matter was effectively precluded when the Tulsa County court decided to proceed with its cases despite this Court's July 30, 2012 order.

Accordingly, based upon the compulsory counterclaim rule, the Court finds that any claims against the additional individuals and entities who have pending cases in Tulsa County are barred from being asserted in this case and, therefore, plaintiffs are not granted leave to add Bruce Barton, Tom Brown, William Gattis, William R. Gattis Agency, L.L.C., F. Nicholas Karlovich, Robert Karlovich, Ralph Phillips, John Wheeler, Bradley McCrory, Brad Barton, and Deardorff & Associates, Inc. as defendants in the instant action.[2] The compulsory counterclaim rule, however, does not apply to any individual and/or entity that does not have a pending case, and, therefore, plaintiffs are not barred from asserting claims against Walt Pettit, Kim Buker, W. Sam Pettit, Debbie Morris, Walt Pettit CPCU, Inc., and Commercial Brokerage Services, Inc.

B.   Timeliness

Defendants Bates and CIB contend that justice does not require granting leave to amend because plaintiffs unduly delayed in filing their motion. Defendants Bates and CIB assert that plaintiffs have known since no later than May 12, 2012 that Bates was leaving and at or about that same time, the other producers gave written notice to plaintiffs that they also were terminating their Producer Agreements and would be leaving. Defendants Bates and CIB, therefore, assert that to the extent that plaintiffs now claim that all of the producers were in a civil conspiracy with Bates to leave and establish a competing agency, plaintiffs had that knowledge at least as early as May 2012. Defendants Bates and CIB further assert that even if plaintiffs did not have that knowledge in May 2012, they certainly must have formed those beliefs by July 3, 2012, when they filed their First Amended Complaint. Finally, defendants Bates and CIB assert that at the latest plaintiffs knew by

---

[2]The Court would note that plaintiffs can always seek leave in the Tulsa County cases to belatedly assert their counterclaims against these various individuals and entities.

mid-August 2012 the circumstances under which the producers had left because by then the producers were gone and had vacated plaintiffs' premises.

Plaintiffs contend that their motion is timely and was filed within the time period provided by the Scheduling Order. Further, plaintiffs state that they have diligently conducted forensic analysis of thousands of emails deleted by former producers, which comprise the majority of the additional individuals and entities they seek to add as defendants. Plaintiffs assert that the timing of the motion was based upon when they obtained the information from the forensic analysis regarding the scope and extent of these individuals' conduct. Additionally, plaintiffs state that their counsel expressly raised the issue of needing additional time to conduct the forensic analysis at the scheduling conference and defendants did not object to the additional time requested or more generally to the potential need to join additional parties based on the information obtained from that analysis.

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs did not unduly delay in filing their Motion for Leave to Add Additional Parties and Claims. Specifically, the Court finds that prior to filing their motion, plaintiffs were diligently conducting forensic analysis of thousands of emails to obtain the information needed prior to filing their motion. Further, plaintiffs' motion was filed within the deadlines set forth in the Scheduling Order for motions to join additional parties and amend pleadings. Accordingly, the Court finds that plaintiffs' motion should not be denied based upon untimeliness.

C.     Good faith

Finally, defendants Bates and CIB contend that plaintiffs' request for leave to add additional parties and claims was not made in good faith but instead was made for improper purposes and with ulterior motives. Specifically, defendants Bates and CIB assert that plaintiffs threatened to file an amended complaint unless there was a hasty settlement of the Tulsa County cases. Plaintiffs contend they did not, in any way, act in bad faith. Specifically, plaintiffs assert that there was no threat, no ill will, nor any bad motive; the deadline for filing motions to amend and join additional parties existed, and plaintiffs' counsel had no option but to file within that time frame when it became apparent that the matter could not be resolved. Plaintiffs contend simply sending an email to ascertain defendants' position regarding amendment, given the case had not been resolved, is not an act made in bad faith.

Having carefully reviewed the parties' submissions, the Court finds nothing to support defendants Bates and CIB's contention that the Motion for Leave to Add Additional Parties and Claims was filed in bad faith. Specifically, the Court finds no support for defendants Bates and CIB's assertion that plaintiffs used the motion to amend as a threat or that there was any improper motive for filing the motion. Accordingly, the Court finds that plaintiffs' motion should not be denied based upon bad faith.

III.    Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiffs' Motion for Leave to Add Additional Parties and Claims [docket no. 100] as follows:

   (A)   The Court GRANTS plaintiffs leave to add claims for unjust enrichment and civil conspiracy and to add Walt Pettit, Kim Buker, W. Sam Pettit, Debbie Morris, Walt Pettit CPCU, Inc., and Commercial Brokerage Services, Inc. as defendants in this action, and

(B)   The Court DENIES plaintiffs leave to add Bruce Barton, Tom Brown, William Gattis, F. Nicholas Karlovich, Robert Karlovich, Ralph Phillips, John Wheeler, Bradley McCrory, Brad Barton, Deardorff & Associates, Inc., and William R. Gattis Agency, L.L.C. as defendants in this action.

**IT IS SO ORDERED this 25th day of June, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE