IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORTH AMERICAN INSURANCE AGENCY, INC., d/b/a Insurica, ROBERT C. BATES, L.L.C., and COMMERCIAL INSURANCE SERVICES L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT C. BATES, JOEY D. DILLS, and COMMERCIAL INSURANCE BROKERS, L.L.C., WALT PETTIT, KIM BUKER, W. SAM PETTIT, DEBBIE MORRIS, WALT PETTIT CPCU, INC., and COMMERCIAL BROKERAGE SERVICES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Case No. CIV-12-544-M ) ) ) ) ) ) ) ) ) ) |

**ORDER**

Before the Court is defendants' Renewed Motion to Quash Subpoenas Duces Tecum, filed July 19, 2013. On August 9, 2013, plaintiffs filed their response, and on August 15, 2013, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I. Background

On June 7, 2013, plaintiffs served subpoenas duces tecum on the following entities: Aetna, Bituminous Insurance Company, Blue Cross & Blue Shield of Oklahoma, CNA, Community Care, CompSource of Oklahoma, Coventry Healthcare, National American Insurance Company, Travelers, and United Healthcare. Each of the subpoenas commanded the production of the following:

> Commission statements, statements of accounts, or other similar records reflecting the payment or allocation of commissions for Commercial Insurance Brokers, L.L.C. and/or its producers issued to Commercial Insurance Brokers, L.L.C. for the time period beginning May 1, 2012 to the present date.

Subpoenas Duces Tecum, attached as Exhibit 1 to Defendants' Renewed Motion to Quash Subpoenas Duces Tecum. Copies of the original subpoenas were not received by defendants' counsel until June 13, 2013.[1]

II.     Discussion

Defendants Robert C. Bates ("Bates") and Commercial Insurance Brokers, LLC ("CIB") now move the Court to quash the subpoenas duces tecum. Bates and CIB assert that the subpoenas should be quashed for the following reasons: (1) plaintiffs failed to provide timely notice of the subpoenas; (2) the subpoenas improperly seek the disclosure of privileged or other confidential documents and information; (3) the subpoenas are patently overreaching and overly broad; (4) the subpoenas improperly command production of information not relevant to the issues in this action; and (5) the subpoenas constitute harassment of the third parties whose confidential business accounts information the subpoenas seek to obtain.

A.     Notice

Because defendants did not receive notice of the subpoenas duces tecum before they were served as required by Federal Rule of Civil Procedure 45(b)(1), Bates and CIB contend that the subpoenas should be quashed. Rule 45(b)(1) provides, in pertinent part:

> If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.

---

[1] In response to defendants' previous motion to quash, plaintiffs contemplated issuing amended subpoenas to resolve defendants' concern and provided notice to defendants' counsel of the prospective issuance of amended subpoenas. However, in light of the outcome of counsels' "meet and confer," plaintiffs decided not to issue the amended subpoenas. Therefore, there are no amended subpoenas at issue.

Fed. R. Civ. P. 45(b)(1).  "[T]he 1991 Advisory Committee Notes to Rule 45 indicate that the purpose of the notice requirement is to provide opposing parties an opportunity to object to the subpoena."  *Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003).

While plaintiffs did not provide notice prior to service of the subpoenas, Bates and CIB clearly have had ample opportunity to object to the subpoenas – filing not one but two motions to quash.  Because the purpose of Rule 45(b)(1)'s notice requirement fully has been met in this case, the Court finds the subpoenas should not be quashed on the basis of lack of notice.

      B.      <u>Disclosure of privileged or protected matter</u>

Bates and CIB contend that the subpoenas should be quashed because they improperly seek the disclosure of privileged or other confidential documents and information.  Specifically, Bates and CIB assert that the information sought by the subpoenas, both as to CIB and the other unidentified "producers," is absolutely proprietary to "Commercial Insurance Brokers, L.L.C. and/or its producers."  Bates and CIB further assert that the information requested would not only improperly identify those third parties' commissions, but also their accounts, their customers, their incomes, and other proprietary business and commercial information.

On August 23, 2013, this Court entered a Joint Protective Order [docket no. 132] in this case.  In their response, plaintiffs state that they will treat the records produced according to the terms of the protective order.  Because a Joint Protective Order has been entered in this case and the documents sought by the subpoenas are subject to the Joint Protective Order, the Court finds that the subpoenas should not be quashed on the basis that they seek the disclosure of privileged or other confidential documents and information.

C.    Scope of subpoenas

Bates and CIB contend that the information commanded to be produced is wholly irrelevant to the claims asserted in this action. Bates and CIB further contend that the subpoenas seek documents covering a period of time after and wholly unrelated to the "wrongful acts" alleged in either the First Amended Complaint or the Second Amended Complaint. Additionally, Bates and CIB assert that the subpoenas are patently vague and entirely open-ended, commanding production of the account information presumably for any and all producers who might in any way be or have been affiliated with CIB. Further, Bates and CIB assert that to the extent the subpoenas seek information relating to persons not parties to this action or to persons not even identified in the subpoenas, the subpoenas are patently overreaching and overly broad and should, therefore, be quashed.

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Plaintiffs' claims in the case at bar include, among others, breach of contract, breach of fiduciary duties, unjust enrichment, unfair competition, and intentional interference with prospective economic advantage. Plaintiffs assert that the documents sought by these subpoenas are relevant because these records will help establish when Robert C. Bates, L.L.C.'s ("RCB") clients were

solicited by agents of CIB, and when CIB became the agent of record for those individuals and entities. Plaintiffs further assert that the time frame – May 2012 to present – is appropriate both to establish liability, including but not limited to their unfair competition claim, as certain of defendants' conduct extended into August 2012, and damages, which continue to accrue to date. Additionally, plaintiffs contend that they are seeking the records of CIB, which is a party to this case. Finally, plaintiffs contend that the producers are agents of CIB.

Having carefully reviewed the parties' submissions, the Court finds that the information sought through the subpoenas is relevant to plaintiffs' claims in this action and/or is reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Court finds that, at a minimum, the information sought is relevant to plaintiffs' claims of unjust enrichment, unfair competition, and intentional interference with prospective economic advantage. The Court further finds that the subpoenas are not vague, overreaching, or overly broad. Specifically in relation to the time frame of the information requested, the Court finds that the time frame is relevant to the damages plaintiffs are seeking, as well as to plaintiffs' unfair competition claim. Accordingly, the Court finds that the subpoenas should not be quashed on this basis.

### D.  Harassment of third parties

Finally, Bates and CIB contend that the subpoenas constitute harassment of the third parties whose confidential business accounts information the subpoenas seek to obtain. Having carefully reviewed the parties' submissions, the Court finds no indication that plaintiffs are using the subpoenas to harass the third parties whose confidential business accounts information the subpoenas seek to obtain. Accordingly, the Court finds that the subpoenas should not be quashed on this basis.

III.     Conclusion

For the reasons set forth above, the Court DENIES Bates and CIB's Renewed Motion to Quash Subpoenas Duces Tecum [docket no. 123].

**IT IS SO ORDERED this 27th day of August, 2013.**

*[Signature: Vicki Miles-LaGrange]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE