# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

NORTH AMERICAN INSURANCE )
AGENCY, INC., d/b/a INSURICA, et al., )
                                                                    )
             Plaintiffs, )
                                                                 )
vs. ) Case No. CIV-12-544-M
                                                               )
ROBERT C. BATES, et al., )
                                                               )
           Defendants. )

## ORDER

Before the Court is plaintiffs' Motion to Compel, filed June 10, 2014. On June 18, 2014, defendants filed their response, and on June 20, 2014, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs, pursuant to Federal Rule of Civil Procedure 37, move this Court to compel defendants to respond to certain of plaintiffs' discovery requests. Specifically, plaintiffs assert that defendants have failed to fully respond to plaintiffs' discovery requests seeking the following: (1) communications by defendants with former/current customers of Robert C. Bates, L.L.C., (2) communications of defendants with insurance carriers, and (3) Mr. Bates' tax returns.

A.    Communications by defendants with former/current customers of Robert C. Bates, L.L.C.

In their response, defendants state that they agreed to provide documents which may be responsive to the request, as now limited by plaintiffs to seek only communications with the Independent Producers' insureds during the 90-day termination time period. Defendants further state that as of the date of the filing of the response, all responsive documents in the possession of defendants have now been produced.

In their reply, plaintiffs state that the supplemental documents provided included documents from only four (4) producers and that documents from ten (10) other producers who were under contract with plaintiffs and simultaneously became affiliated with defendant Commercial Insurance Brokers, L.L.C. ("CIB") have not been provided. Plaintiffs further assert that Federal Rule of Civil Procedure 34 requires production of not only those documents in the possession of the responding party but also those documents of which they have custody or control. Plaintiffs contend the supplemental discovery indicates that CIB's server became operational as of the first week of July, 2012 and that it is reasonable to believe that defendants have communications from the CIB email accounts of the remaining ten producers in their custody and control that have not yet been produced. Additionally, regarding the face-to-face and/or telephone communications between the Independent Producers and their insureds/customers, plaintiffs contend defendants should identify these communications in response to Interrogatory No. 9.[1]

Having carefully reviewed the parties' submissions, the Court finds defendants should be required to produce to plaintiffs any documents regarding communications with the Independent Producers' insureds during the 90-day termination time period for the remaining ten (10) producers, if there are any, that are within defendants' custody or control. Additionally, the Court finds that defendants should be compelled to respond to plaintiffs' Interrogatory No. 9 by identifying all face-to-face and/or telephone communications with the Independent Producers' insureds/customers during the 90-day termination time period.

---

[1] Interrogatory No. 9 requests defendants to "[i]dentify all communications between CIB, including any agents or other persons on behalf of CIB, and any former or current customer of Robert C. Bates, L.L.C. since May 11, 2012."

B. Communications of defendants with insurance carriers

In their response, defendants state that after plaintiffs agreed to the same limitations regarding the breadth and scope of this request, defendants agreed to provide whatever documents they could retrieve that appear to be responsive to this request and that such redacted and bates-stamped documents have now been produced. Based upon defendants' statement, the Court finds that plaintiffs' motion to compel regarding communications of defendants with insurance carriers is now moot.

C. Mr. Bates' tax returns

Plaintiffs' Request for Production No. 16 requests Mr. Bates' State and Federal income tax returns for calendar years 2002-2012. Plaintiffs assert that these tax returns are relevant and should be produced. Specifically, plaintiffs assert that without Mr. Bates' tax returns, plaintiffs' ability to prove Mr. Bates' unjust enrichment through his retention of benefits received from plaintiffs and the saving of expenses associated with his actions in competition with plaintiffs will be virtually impossible. Additionally, plaintiffs contend that the tax returns are relevant because they are seeking punitive damages against Mr. Bates and his tax returns relate directly to the "profitability of the misconduct to the defendant." Regarding the time period of the request, plaintiffs contend that such a time period is not arbitrary but was calculated based upon the facts in this case – the Purchase and Sale Agreement for the purchase of Robert C. Bates, L.L.C. provided for installment payments from January 21, 2000 through January 6, 2012; Mr. Bates did not tender his letter of resignation until May 11, 2012, and Mr. Bates improperly profited from his new business after leaving Robert C. Bates, L.L.C.

Defendants contend that Mr. Bates' personal tax returns are not relevant and plaintiffs' request was intended solely to harass, annoy, and intimidate Mr. Bates by seeking private, personal financial information which is unrelated to any issue in this case. Specifically, defendants assert that Mr. Bates' income tax returns are not relevant in any way to plaintiffs' claim for unjust enrichment. Defendants contend that plaintiffs have no need for Mr. Bates' personal tax returns to show how much he received in payment for the overhead agency over the course of the payout period or even the salary he was paid for the time he spent in management because plaintiffs already know exactly how much they paid to Mr. Bates for both based upon records of payments in plaintiffs' possession. Defendants also contend that plaintiffs' argument that they are entitled to the tax returns to support a punitive damages claim is equally without merit.

Having carefully reviewed the parties' submissions, the Court finds that while Mr. Bates' personal tax returns have some relation to plaintiffs' unjust enrichment claim, plaintiffs already have the actual records of the money paid to Mr. Bates for the agency and for his salary for the time he spent in management. Therefore, the Court finds that defendants should not be compelled to produce Mr. Bates' income tax returns on this basis. However, the Court finds that Mr. Bates' personal tax returns are relevant to plaintiffs' punitive damages claim and should be produced. "Where punitive damages are claimed, it has been generally held that the Defendant's financial condition is relevant to the subject matter of the action and is thus a proper subject of pretrial discovery." *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977). The Court does, however, find that the time period for which plaintiffs are seeking Mr. Bates' personal tax returns is overbroad and should be limited to personal tax returns for calendar years 2010-2012.

D.  Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiffs' Motion to Compel [docket no. 278] as follows:

(1) The Court GRANTS plaintiffs' motion to compel as to: (a) any documents regarding communications with the Independent Producers' insureds during the 90-day termination time period for the remaining ten (10) producers, if there are any, that are within defendants' custody or control; (b) the identification of all face-to-face and/or telephone communications with the Independent Producers' insureds/customers during the 90-day termination time period, and (c) Mr. Bates' personal tax returns for calendar years 2010-2012. Said information and documents shall be produced to plaintiffs by July 3, 2014, and

(2) The Court DENIES plaintiffs' motion to compel in all other respects.

**IT IS SO ORDERED this 24th day of June, 2014.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE