# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NORTH AMERICAN INSURANCE AGENCY, INC., d/b/a Insurica, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-12-544-M |
| ROBERT C. BATES, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants Robert C. Bates ("Bates"), Commercial Insurance Brokers, L.L.C. ("CIB"), Walt Pettit, W. Sam Pettit, Debbie Morris, Walt Pettit CPCU, Inc., and Commercial Brokerage Services, Inc.'s motion for costs, filed August 26, 2014. On September 9, 2014, plaintiffs filed their response, and on September 16, 2014, defendants filed their reply.

On May 14, 2012, plaintiffs filed the instant action against Bates. On July 3, 2012, plaintiffs filed their First Amended Complaint, adding additional defendants and asserting additional causes of action. On July 3, 2013, plaintiffs filed their Second Amended Complaint, adding additional defendants and asserting additional causes of action. On November 22, 2013, the Court granted in part and denied in part defendants' motion to dismiss. On February 7, 2014, the Court granted plaintiffs leave to amend their complaint, and on February 13, 2014, plaintiffs filed their Third Amended Complaint.

This case was then set on the Court's August 2014 trial docket. On August 1, 2014, the Court denied plaintiffs' motion for summary judgment and granted in part and denied in part defendants' motion for summary judgment. Specifically, the Court granted summary judgment as to plaintiffs' Lanham Act claim, unfair competition claim, trademark infringement claim, breach of

fiduciary duty claim against defendant Debbie Morris, and tortious interference with prospective economic advantage claim regarding the customers. On August 5, 2014, plaintiffs filed a motion to dismiss defendants Kim Buker, W. Sam Pettit and Debbie Morris with prejudice. On August 11, 2014, plaintiffs filed an Amended Motion to Dismiss with Prejudice to Include Defendant Walt Pettit and Various Claims in Addition to Defendants Kim Buker, W. Sam Pettit and Debbie Morris.[1] On August 12, 2014, in response to plaintiffs' motions to dismiss, defendants filed a motion requesting this Court to decline the further exercise of jurisdiction and to dismiss the remaining state law claims. On that same date, the Court conducted a hearing on the motions and issued an order granting the motions. Specifically, the Court granted plaintiffs' motions and dismissed all claims against defendants Walt Pettit, Kim Buker, W. Sam Pettit, Debbie Morris, Walt Pettit CPCU, Inc., and Commercial Brokerage Services, Inc. with prejudice and all remaining contract and Computer Fraud and Abuse Act claims with prejudice. Further, the Court found that plaintiffs had confessed defendants' motion to dismiss, and the Court declined to exercise supplemental jurisdiction over plaintiffs' remaining state law claims and dismissed without prejudice (1) plaintiffs' breach of fiduciary duty claim against defendant Bates, (2) plaintiffs' tortious interference claim against defendants Bates and CIB, (3) plaintiffs' unjust enrichment claim against defendant Bates, (4) plaintiffs' Oklahoma Deceptive Trade Practices Act claim against defendants Bates and CIB, and (5) plaintiffs' civil conspiracy claim against defendants Bates and CIB.

Defendants now assert that they are the prevailing parties in this action and are entitled to be awarded costs pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920, and Federal Rule of Civil Procedure 26(b)(4)(E).

---

[1] Trial was set to commence on August 12, 2014.

Rule 54(d) provides, in pertinent part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.

Fed. R. Civ. Proc. 54(d). "The allowance or disallowance of costs to a prevailing party is within the sound discretion of the district court." *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). The Tenth Circuit has further held:

> We have recognized that the district court's discretion in taxing costs is limited in two ways. First, Rule 54 creates a presumption that the district court will award costs to the prevailing party. Second, the district court must provide a valid reason for denying such costs.

*In re Williams – WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (internal quotations and citations omitted). Additionally, the Tenth Circuit has recognized various circumstances in which a district court may properly exercise its discretion to deny costs, including (1) when the prevailing party was only partially successful, (2) when damages were only nominal, (3) when costs were unreasonably high or unnecessary, (4) when recovery was insignificant, and (5) when the issues were close or difficult. *See Zeran*, 203 F.3d at 722.

In the case at bar, defendants Walt Pettit, W. Sam Pettit, Debbie Morris, Walt Pettit CPCU, Inc., and Commercial Brokerage Services, Inc. were completely successful. The Court granted summary judgment as to certain claims against them, and all remaining claims against them were dismissed with prejudice by plaintiffs. Therefore, the Court finds that these defendants are prevailing parties in this case. Further, having reviewed the parties' submissions, the Court finds no valid reason for denying these defendants their costs.

On the other hand, defendants Bates and CIB were only partially successful. The Court granted summary judgment as to certain claims against them, and plaintiffs dismissed certain claims

3

against them with prejudice, but other claims against them were dismissed without prejudice based upon the Court declining to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. The claims that were dismissed without prejudice have now been filed against defendants Bates and CIB in Tulsa County Court. Since the merits of the entire controversy between plaintiffs and defendants Bates and CIB have not been completely decided, the Court finds that any determination of whether defendants Bates and CIB are entitled to costs is speculative and premature. Accordingly, the Court finds that defendants Bates and CIB's motion for costs should be dismissed without prejudice.

Therefore, for the reasons set forth above, the Court GRANTS IN PART and DISMISSES WITHOUT PREJUDICE IN PART defendants' motion for costs [docket no. 371] as follows:

(1) The Court GRANTS defendants' motion for costs as to defendants Walt Pettit, W. Sam Pettit, Debbie Morris, Walt Pettit CPCU, Inc., and Commercial Brokerage Services, Inc. The Court Clerk is DIRECTED to conduct a bill of costs hearing as to these defendants to determine the amount of costs to which these defendants are entitled, and

(2) The Court DISMISSES WITHOUT PREJUDICE defendants' motion for costs as to defendants Bates and CIB.

**IT IS SO ORDERED this 31st day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE