# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORTH AMERICAN INSURANCE AGENCY, INC., d/b/a Insurica, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CIV-12-544-M ) |
| ROBERT C. BATES, et al., | ) ) |
| Defendants. | ) |

## ORDER

Before the Court is defendants Robert C. Bates ("Bates"), Commercial Insurance Brokers, L.L.C. ("CIB"), Walt Pettit, W. Sam Pettit, Debbie Morris, Walt Pettit CPCU, Inc., and Commercial Brokerage Services, Inc.'s Application for an Award of Attorney Fees and Costs Against Plaintiffs and/or Against Plaintiffs' Counsel, filed September 2, 2014.[1] On September 16, 2014, plaintiffs filed their response, and on September 22, 2014, defendants filed their reply.

## I. Introduction

On May 14, 2012, plaintiffs filed the instant action against Bates. On July 3, 2012, plaintiffs filed their First Amended Complaint, adding additional defendants and asserting additional causes of action. On July 3, 2013, plaintiffs filed their Second Amended Complaint, adding additional defendants and asserting additional causes of action. On November 22, 2013, the Court granted in part and denied in part defendants' motion to dismiss. On February 7, 2014, the Court granted

---

[1]On August 26, 2014, defendants filed a motion for costs. The Court has ruled on defendants' motion for costs in a separate order entered March 31, 2014. As the Court has already ruled on defendants' entitlement to costs, the Court will address only the issue of attorney fees in this Order.

plaintiffs leave to amend their complaint, and on February 13, 2014, plaintiffs filed their Third Amended Complaint.

This case was then set on the Court's August 2014 trial docket. On August 1, 2014, the Court denied plaintiffs' motion for summary judgment and granted in part and denied in part defendants' motion for summary judgment. Specifically, the Court granted summary judgment as to plaintiffs' Lanham Act claim, unfair competition claim, trademark infringement claim, breach of fiduciary duty claim against defendant Debbie Morris, and tortious interference with prospective economic advantage claim regarding the customers. On August 5, 2014, plaintiffs filed a motion to dismiss defendants Kim Buker, W. Sam Pettit and Debbie Morris with prejudice. On August 11, 2014, plaintiffs filed an Amended Motion to Dismiss with Prejudice to Include Defendant Walt Pettit and Various Claims in Addition to Defendants Kim Buker, W. Sam Pettit and Debbie Morris.[2] On August 12, 2014, in response to plaintiffs' motions to dismiss, defendants filed a motion requesting this Court to decline the further exercise of jurisdiction and to dismiss the remaining state law claims. On that same date, the Court conducted a hearing on the motions and issued an order granting the motions. Specifically, the Court granted plaintiffs' motions and dismissed all claims against defendants Walt Pettit, Kim Buker, W. Sam Pettit, Debbie Morris, Walt Pettit CPCU, Inc., and Commercial Brokerage Services, Inc. with prejudice and all remaining contract and Computer Fraud and Abuse Act claims with prejudice. Further, the Court found that plaintiffs had confessed defendants' motion to dismiss, and the Court declined to exercise supplemental jurisdiction over plaintiffs' remaining state law claims and dismissed without prejudice (1) plaintiffs' breach of fiduciary duty claim against defendant Bates, (2) plaintiffs' tortious interference claim against

---

[2]Trial was set to commence on August 12, 2014.

defendants Bates and CIB, (3) plaintiffs' unjust enrichment claim against defendant Bates, (4) plaintiffs' Oklahoma Deceptive Trade Practices Act ("ODTPA") claim against defendants Bates and CIB, and (5) plaintiffs' civil conspiracy claim against defendants Bates and CIB.

II. Discussion

Defendants now assert that they are the prevailing parties in this case and are entitled to allowable attorney fees. Specifically, defendants assert: (1) that they are entitled to attorney fees under the Lanham Act, 15 U.S.C. § 1117(a); (2) that defendants Bates and CIB should be awarded their costs and expenses, including reasonable attorney fees, for the claims dismissed without prejudice, which have been re-filed in Tulsa County; (3) that defendants are entitled to discretionary and mandatory attorney fees under the ODTPA; (4) that defendants are entitled to attorney fees under Okla. Stat. tit. 12, § 936; and (5) that defendants should be awarded their attorney fees pursuant to the Court's inherent authority and pursuant to 28 U.S.C. § 1927.

A. Lanham Act

The Lanham Act provides that "[t]he court *in exceptional cases* may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (emphasis added). The Tenth Circuit has held:

> being the prevailing party is not, by itself, enough to justify an award of attorney fees. Moreover, even in exceptional cases, the award of attorney fees is vested in the discretion of the district court. The statute itself does not define "exceptional cases," but the legislative history to the statute suggests two considerations for prevailing defendants who seek attorney fees. One, an objective consideration, is whether the suit was "unfounded." The other, a subjective consideration, is whether the suit was brought by the trademark owner for harassment and the like. The legislative history further advises that an award of attorney fees to a prevailing party is authorized where justified by equitable considerations.

3

> No one factor is determinative, and an infringement suit could be "exceptional" for a prevailing defendant because of (1) its lack of any foundation, (2) the plaintiff's bad faith in bringing the suit, (3) the unusually vexatious and oppressive manner in which it is prosecuted, or (4) perhaps for other reasons as well. The Lanham Act largely vests in the district court the discretion to determine when a losing plaintiff's claims or conduct in the litigation are so "exceptional" as to warrant the assessment of attorney fees. The focus of the analysis is not only on whether the defendant prevailed, or concomitantly, whether the plaintiff lost. Not every losing suit is without foundation, and not every strategic decision by a plaintiff in bringing suit and in prosecuting it in a manner to enhance the prospects of success is done for the purpose of harassment or another improper purpose.

*Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1146-47 (10th Cir. 2000).

Having carefully reviewed the parties' submissions and the court file in this case, the Court finds that the instant action is not an "exceptional case" and an award of attorney fees to defendants is not warranted. Specifically, the Court finds that while the Court granted summary judgment to defendants on plaintiffs' Lanham Act claim, this claim was not unfounded or groundless. Further, the Court finds that there was no bad faith on the part of plaintiffs in bringing this action and plaintiffs did not prosecute this case in an unusually vexatious or oppressive manner. Finally, the Court finds no other reason in this case to award attorney fees to defendants in relation to plaintiffs' Lanham Act claim.

### B. Claims dismissed without prejudice and re-filed in Tulsa County

Defendants Bates and CIB assert they should be awarded their costs and expenses, including reasonable attorney fees, for the claims that were dismissed without prejudice and which have been re-filed in the District Court of Tulsa County. As set forth in the Introduction, the claims that were dismissed without prejudice were the remaining pendant state law claims that defendants, not

plaintiffs, moved to dismiss. The only authority defendants Bates and CIB rely upon involve cases where the plaintiffs dismissed claims without prejudice. Defendants Bates and CIB have cited the Court to no authority for awarding a defendant attorney fees and costs when it was the defendant who moved to dismiss the claims. Because it was defendants Bates and CIB who moved to dismiss the pendant state law claims, the Court finds it would be inappropriate for the Court to award them their costs and expenses, including reasonable attorney fees, for these claims.

    C.    ODTPA

The ODTPA provides, in pertinent part:

> In any action instituted under the provisions of this act, the court may, in its discretion, award reasonable attorneys' fees to the prevailing party. If in any such action the court finds either (1) . . . or (2) that the plaintiff has acted in bad faith in instituting the action, the court shall award reasonable attorneys' fees to the prevailing party.

Okla. Stat. tit. 78, § 54(C).

> Oklahoma courts generally find bad faith when the claim was made for oppressive, abusive or wasteful reasons. The court's inquiry focuses on the intent of the actor who brought the claim, and does not involve the quality or quantity of the evidence presented.

*Vanguard Envtl., Inc. v. Kerin*, 528 F.3d 756, 759 (10th Cir. 2008) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions and the court file in this case, the Court finds neither mandatory nor discretionary attorney fees under the ODTPA should be awarded in this case. Specifically, the Court finds plaintiffs did not act in bad faith in instituting this action. Further, defendants have not shown that plaintiffs asserted their ODTPA claim for oppressive, abusive, or wasteful reasons. Additionally, the Court finds that defendants have set forth no

5

adequate reason for the Court to use its discretion to award attorney fees in this case. Plaintiffs' ODTPA claim was not a "weak" claim, as this Court denied defendants summary judgment as to this claim.

### D. Okla. Stat. tit. 12, § 936

Defendants assert they are entitled to attorney fees under Okla. Stat. tit. 12, § 936, which provides, in pertinent part: "[i]n any civil action to recover for labor or services rendered, . . . the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." Okla. Stat. tit. 12, § 936(A). The Tenth Circuit has held:

> to recover under section 936, a prevailing party on a labor or services contract claim must demonstrate that the claim is for labor or services rendered, not just that the claim relates to the performance of labor or services. The question is whether the damages arose directly from the rendition of labor or services, such as a failure to pay for those services, or from an aspect collaterally relating to labor or services, such as loss of profits on a contract involving the rendition of labor and services. The statute applies if recovery is sought for labor and services as in the case of a failure to pay for them. . . . Its provisions are inapposite if the suit be one for damages arising from the breach of an agreement that relates to labor and services.

*Merrick v. N. Natural Gas Co.*, 911 F.2d 426, 434 (10th Cir. 1990) (internal quotations and citations omitted).

In the case at bar, plaintiffs' breach of contract claims were based upon various defendants' alleged breaches of their producer agreements, specifically, defendants' violations of the non-compete provision of their producer agreements. Plaintiffs' breach of contract claims were not to recover for labor or services actually rendered but were to recover for damages arising from the breach of an agreement that relates to labor and services. Accordingly, the Court finds that section 936 does not apply and that defendants are not entitled to attorney fees under section 936.

E.  Court's inherent authority and 28 U.S.C. § 1927

Finally, defendants assert they should be awarded their attorney fees pursuant to the Court's inherent authority and pursuant to 28 U.S.C. § 1927. Specifically, defendants assert that the circumstances of this litigation – particularly the manner in which plaintiffs and their counsel brought and prosecuted their claims, eventually to be dismissed on the day of trial – so wreak of impropriety and an abuse of the judicial system that extraordinary relief is compelled.

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Further, courts have an inherent power to assess attorney's fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Kornfeld v. Kornfeld*, 393 F. App'x 575, 578 (10th Cir. 2010) (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions and the court file in this case, and being quite familiar with counsel's actions in this case, the Court finds that an award of attorney fees is not warranted under section 1927 or this Court's inherent authority. Specifically, the Court finds no bad faith on the part of plaintiffs or their counsel.[3] Further, the Court finds plaintiffs' counsel have not multiplied the proceedings in this case unreasonably or vexatiously. Plaintiffs' counsel's conduct, viewed objectively, does not manifest either an intentional or a reckless disregard of

---

[3] In this case, the Court has previously found no bad faith on the part of plaintiffs' counsel.

counsel's duties to the Court. Additionally, the Court finds plaintiffs and their counsel have not acted vexatiously, wantonly, or for oppressive reasons.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Application for an Award of Attorney's Fees and Costs Against Plaintiffs and/or Against Plaintiffs' Counsel [docket no. 372].

**IT IS SO ORDERED this 8th day of April, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE